## ¶ Heckart *against* M'Kee.

In an action of ejectment by the heirs at law of a landlord against a tenant, it is competent for the defendant to give evidence, that the landlord was only seised of a life estate, which terminated by his death before action brought.

ERROR to the common pleas of *Butler* county.

Ejectment by M'Kee and his wife, heirs at law of Kiskaden, against John Heckart.

The plaintiffs having given in evidence a written lease of the premises in dispute, for the term of three years from the 1st of April 1832, till the 1st of April 1835, by Kiskaden, under whom they claim, to the defendant, he offered to prove in answer to it, that Kiskaden had but a life estate in the premises, which terminated be- fore the 24th of August 1835, when this suit was brought.

v.—2 y

[Heckart v. M'Kee.]

The plaintiffs objected to the evidence and the court overruled it. This was the error assigned.

*Purviance*, for plaintiff in error, cited 2 *Chit. Blac.* 87.

*Ayres*, for defendant in error.

PER CURIAM.—Though the tenant may not set up an adverse title, he may show that the lessor's estate has expired or been transferred. No principle is better settled. The defendant proposed to prove, that his lessor, having been seised but of an estate for his own life, was dead before the institution of the action. 'Granting that fact, what right had his heirs to regain the possession. Not to deliver it to the reversioner; for they had nothing to do with him. He was not bound to look for his estate through the particular tenant, in whose place the lessee stands to answer his action. The evidence ought to have been received.

Judgment reversed, and a *venire de novo* awarded.